U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

NOV 1 3 2002

ROBERT H. SHEMWELL, CLERK
BY ________
DEPUTY

# A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

SEC P

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

CV02-2364-A

DANIEL MAGEE

[illegible]
Inmate (DOC) number

JUDGE LITTLE

MAGISTRATE JUDGE KIRK

(Enter above the full name of each plaintiff in this action.)

VERSUS

TIM WILKINSON

NICOLE SCOTT

C/O ROGERS

(Enter above the full name of each defendant in this action.)

## Instructions for Filing Complaint by Prisoners Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

**All copies of the complaint must be identical to the original.**

(1) The names of all parties must be listed in the caption and in part III of the complaint exactly

**the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 120.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, P. O. Box 2630, Baton Rouge, La. 70821.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiff(s): ______________________________

______________________________

Defendant(s): ______________________________

______________________________

2. Court (if federal court, name the district; if state court, name the parish):

______________________________

______________________________

3. Docket number: ______________________________

4. Name of judge to whom case was assigned: ____________________

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): ____________________

6. Date of filing lawsuit: ____________________
7. Date of disposition: ____________________
C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
Yes ( ) No (X)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

____________________

II. Place of present confinement: W.N.C. WINN CORRECTION CENTER

A. Is there a prisoner grievance procedure in this institution?
Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (X) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. WNC-2002-875

2. What steps did you take? EXHAUSTED THE PROCESS

3. What was the result? RELIEF DENIED

D. If your answer is No, explain why not: ____________________

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) DANIEL MAGEE, #405200

Address ASH B-2 W.N.C. P.O. BOX 1260, WINNFIELD, LA. 71483-1260

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant TIM WILKINSON is employed as ______ at W.N.C.

C. Additional Defendants: NICOLE SCOTT-PROGRAM MANAGER - W.N.C.
ROGERS, CORRECTIONAL OFFICER - W.N.C.

IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **<u>Do not given any legal arguments or cite any cases or statutes.</u>** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

SEE ATTACHED COPIES, AND BRIEF IN SUPPORT

Plaintiff has been charged by bill of information filed by the District Attorney in and for the Parish of Orleans, State of Louisiana, for the offense of **armed robbery.**

Plaintiff was sentenced to **twenty (20) years, in the custody of the Louisiana Department of Correction, and said sentence was imposed on the 14th day of July 2000.**

Plaintiff was placed on notice that he had **two (2) years** from the date of finalization to file post-conviction, and since no appeal was filed in this matter the judgement of conviction and sentence became final on the **14th day of July 2000; thus** allowing plaintiff until the **14th day of July 2002,** to make any application for post-conviction relief.

A motion for production of documents was filed and **GRANTED,** and the court reporter was given until the 6th day of May 2002, to transcribe and covey a complete and verbatim copy of the boykin proceedings to plaintiff, **free of charge,** but has totally failed to do so.

Compliance with **this** order has not been **adhered** to as of **this** date; however, plaintiff was aware of his deadline and as it grew nearer his family purchased it, and it was received during the month of **June 2002,** only weeks prior to his deadline.

Plaintiff promptly conveyed same to inmate counsel, who commenced to do the research and make other preparations to file on effective application, and prior to completion of the application; plaintiff was transferred to a more secured part of the prison, where he was placed on lock down.

Inmate counsel had access to plaintiff, and on the **13th day of July 2002, (Saturday),** inmate counsel was not allowed to exit his dorm.

by security guard **C/O Ms. Rogers,** who flatly refused to allow inmate counsel to go to work, and further refused to get her supervisor.

At this time, plaintiff's application was at the most **45 minutes away from completion, and inmate counsel would have easily completed it this date, and because of plaintiff's deadline, case manager Powe, who was aware of deadline had made it possible for inmate counsel, upon completion, to have plaintiff's application copied for him, and it would have been placed in the mail on the 15th day of July 2002, (Monday),** which became the new due date since the 14th day of July 2002, was on Sunday.

Nonetheless, the evidence and record shall clearly establish that inmate counsel did complete the application on the **15th day of July 2002,** and placed same, with sufficient postage and properly addressed into the hands of Mr. Powe, a prison official, and at that point, plaintiff's application was timely filed.

Mr. Powe was again, made fully aware of the dead line when he received the application, and he advised that he was unable to mail it before the next day, and he further said that one day will not make a difference, and again, inmate counsel informed this prison official that the courts don't see it that way, and urged him to mail it today, to no avail.

Plaintiff avers that it was **2:30 pm.** on the **15th day of July 2002,** and there was ample time to get application into mail, despite the fact that inmate counsel had **3-4 calls placed** to **prison official** to advise him that plaintiff's application was ready, but he did not arrive at the prison library before **2:30 pm.**

Plaintiff was informed by inmate counsel of these germane facts and that his application may be barred as a result thereof.

Aggrieved there from, plaintiff filed on A.R.P., wherein defendant **Wilkinson** was made aware of the actions and conduct of defendant **Rogers,** and the A.R.P. has been exhausted with out relief.

Defendant Scott, inmate counsel's supervisor interviewed him about the A.R.P. and tried to convince him to agree that the application would have been filed late even if he had been allowed to exit the dormitory on the **13th day of July 2002,** and inmate counsel advised her that because the due date fell on a Sunday, that Monday would become the due date, and she left the law office with an attitude.

Defendant Scott, at the first available opportunity wrote a false disciplinary report on inmate counsel knowing that he would be fired, and that appeal is presently pending before this court, filed under docket **1:02 cv 2235 sec P,** filed the **25th day of October 2002,** and this action was defendant Scott's manner of reprisal.

Plaintiff has been served with a copy of the **Fourt Circuit Court of Appeal's decision denying his application** because it was not timely filed, and without addressing the Claims therein, which have merits and is supported by the record, but because of the above and foregoing acts and conduct of defendants plaintiff's access to the courts has been denied, and as such, plaintiff is entitled to be redressed.

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. AS A DIRECT RESULT OF DEFENDANT"S NEGLIGENCE, PLAINTIFF HAS BEEN BARRED FROM COURT AND MUST SERVE 85% PERCENT OF A 20 YEAR SENTENCE HE MAY HAVE REVERSED, AND AS SUCH, HE IS ENTITLED TO BE REDRESSED MONETARILY IN THE AMOUNT OF ONE MILLION ( $ 1,000,000 ) DOLLARS

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 7th day of November, 2002.

Daniel Magee

Daniel Magee

Signature of plaintiff(s)

Nov. 6th, 2002

Warden Wilkinson
WNC

RE: Return of final response
ARP# WNC-2002-875

Dear Warden:

On the 25th of October 2002 I received the final response from secretary in the captioned matter, and Lt. - King advised that I return it, so I followed his instruction which was ERRONEOUS.

Please be kind enough to forward a copy of the secretary's decision in the above captioned matter to my attention

Thank You
Daniel McGee