United State District Court
Western District of Louisiana
Alexandria Division

U.S. DIS... WESTERN DIS... OCT 2 0 2003 ROBERT ... BY ...

Daniel MaGee                                  Docket No. 1:02CV2364 sec. P
vs.
Tim Wilkinson, et al
filed                                                    Clerk of Court

## Motion for Leave of Court to Admend Original Complaint

The motion of Daniel MaGee, hereinafter referred to as Plaintiff respectfully represents that:

I.

Plaintiff is a Louisiana State Prisoner, and is presently domiciled at Winn Correctional Center, Winnfield, Louisiana, where Tim Wilkinson is warden.

II.

Pursuant to a Legal commitment order issued by a judge of the Criminal District Court, New Orleans, Orleans Parish, Louisiana, Plaintiff is serving a twenty (20) year sentence imposed on the 14th day of July 2000.

III.

At the time of sentencing, Plaintiff was properly informed by the trial judge of the statute of limitation for seeking post-conviction relief, and he knew and understood that he had two (2) year from 14 july 2000, or until 14 July 2002 in which to seek postconvictio relief.

IV.

Plaintiff filed to the trial court a motion for production of documents, and this motion remained pending for an unreasonable period of time before any action thereon was taken, however, the motion was granted and the Court Reporter was allowed until the 6th day of May 2002 in which to transcribe and convey a copy of the Boykin and Sentencing transcripts to plaintiff, but that date came and past, as did his (2) years with which he had to seek postconviction.

V.

To avoid being time barred, plaintiff's family purchased the records needed and same were received by plaintiff during the month of June 2002, allowing only a few weeks before the expiration of the State Statut of limitation for seeking postconviction relief.

VI.

Plaintiff anon conveyed the records to the assigned inmate counsel substitute who was assisting him with his strife for freedom, and he commenced to prepare the application for posteonviction.

VII.

Assigned inmate counsel substitute was near completion on Friday, 12th July 2002, but was unable to complete it on that day, and had planed to return to the law office on 13th July 2002 to complete the final three (3) pages of the memoranda; however, inmate counsel was denied by C/o Rogers to exit his dorm to proceed to go to the law library, despite the fact he worked there. After inmate counsel's request to see a supervisor was denied by this female officer, inmate counsel substitute merely accepted her

posture that she was not going to allow him to exit the unit for any reason.

Inmate counsel substitute wrote a letter to his immediate supervisor, defendant Scott, dated 13th July 2002 expressing the unusual problem he had experienced, but moreso, the fact that Mr. MaGee's dead line would be missed as a result of C/O Roger's above described acts and conduct. After meeting with inmate counsel substitute on Monday, 15th July 2002, defendant Scott was appraised of the seriousness of the situation and issued a memoranda to all C/O's that worked the housing unit that inmate counsel substitute resided in to allow him to exit the unit to proceed to work.

VIII.

Since Plaintiff's due date (14 July 2002) failed on a Sunday, Louisiana's law provides that the next work day following a dead line that usually, falls on a holiday or weekend becomes the extended new dead line date.

Inmate counsel substitute advised defendant Scott that he could and would meet the new dead line, but the application would have to be post marked on this date (15 July 2002), to be considered timely filed. Defendant Scott had a total and clear understanding of the situation and the seriousness.

IX.

Upon completion of the application, inmate counsel substitute had C/o King who was assigned to work in the law library on this date to call Mr. Powe to come pick it up so that it would be mailed that day, since the mail goes out of the prison

usually between 1:-2:pm daily. The first of several calls to Mr. Powe was before the law library closed, which would have been before 10:30 AM. Mr. Powe advised that he would be there. Ms. Smiley took messages for him during the afternoon, as more calls were made because time was running out and he was not back from lunch.

Mr. Powe was also aware of Plaintiff's dead line and had been very cooperative in assisting inmate counsel substitute meet that dead line, by allowing inmate counsel substitute to make copies for Plaintiff who was in the cell block, get the application notorized and return it back to Plaintiff. The prison librarian, D. Collins and her assistant. were both placed on notice and authorized to make copies of Plaintiff's application presented by inmate counsel substitute; for no inmate may make copies of another inmate's law work without permission

Plaintiff's postconviction application was notorized on the 9th day of July 2002, with inmate counsel substitute standing in for him. The application had first been brought to Plaintiff in the cell block by inmate counsel substitute where in the presence of case manager Powe, he signed it, and Mr. Powe verified the signature and Ms. Collins affixed her seal and signature, and returned Mr. MaGe law work back over to inmate counsel substitute. On the 15th day of July 2002 inmate counsel returned to the library where Ms. Collin made copies of the completed work, which was presented to her, via. inmate counsel, and conveyed back to him.

The completed work was properly placed in a properly addresse legal sized envelope, with sufficient postage and held by inmate counsel for Mr. Powe to pick up and take up front for mailing

X.

Case manager Powe arrived at the law library on 15 July 2002 at 2:30pm and refused to sign a receipt for the application for postconviction relief, rather, after being told again, that this has to be in the mail today, he said he was on his way to intake and that the mail was already gone for that day, but it would be in tomorrows mail (16 July 2002). After stressing the importance of getting the writ in the mail and post marked that day, Mr. Powe said one day would not make a difference.

Notwithstanding, Plaintiff's application was denied as not being timely filed, by the Circuit Court.

Plaintiff's Fifth, Eighth and Fourteenth Amendments to the U.S Constitution have been violated by the above described acts and conduct.

XI.

Defendant Scott, on the 15th day of July 2002, in her office during her interview of inmate counsel was asked to mail Plaintiff's application, and flatly refused to do so, even after being made aware of the dead line and that if the writ was not postmarked the (15 July 2002) it would be late and Plaintiff would be barred from Court. Further during the investigation of Plaintiff's allegation raised in his ARP, defendant Scott tried to intimidate inmate counsel by stating that, even if inmate counsel had gone to work on Saturday, Plaintiff's application would still have been late if his dead line was the 14th day of July 2002, which was a Sunday, and inmate counsel advised her of the mailbox rule. Defendant Scott was not pleased with inmate counsel because he stood and stands for equality and justice. subsequently, defendant Scott falsely

accused inmate counsel in a disciplinary report and had him removed from his job assignment as inmate counsel.

Defendant Rogers, on the 13th day of July 2002, was assigned to work C and D side of Ash unit, and inmate counsel was then assigned to Ash C2 dorm.

When inmate counsel tried to exit the dorm he was flatly refused by defendant Rogers.

When requested to see and speak with a supervisor, defendant Rogers flatly refused to call one of the supervisors, and walked away.

The conduct of both defendants, Scott and Rogers, separately and in concert denied Plaintiff of his liberty right to have his legal mail timely deposited into the mail, especially when prison officials have been placed on notice that the mailing is a dead line.

Plaintiff, when placed in cell block has the liberty interest to access to inmate counsel and depend on their assistance to further and continue his access to the courts, and not have prison officials hinder, prevent, delay or otherwise deter his access to the courts through inmate counsel.

XII.

Plaintiff has greatly suffered herein, in that every effort made to prevent his application from not being timely filed has been out weighed by the above described acts and conduct, and he now faces the possibility of never having the merits of his constitutional claims reached, by state nor federal court, and therefore, may be coerced to serve 85% of the twenty (20) year. sentence, which is imposed pursuant

to a conviction which does not satisfy the prerequisiter for a valid legal and sufficient conviction.

XIII.

Plaintiff respectfully moves this Honorable Court to dismiss Tim Wilkinson and Angie Martin as defendants to this cause of action.

Wherefore, Plaintiff respectfully prays that he be granted leave of court to amend the original complaint and after same that defendant Scott and Rogers be served herewith and be required to answer same.

With Respect

Daniel MaGee #405200
B-A1-35
[redacted]

WNC / P.O. Box 1260
Winnfield, La. 71483-1260

Appendix M-1

**STATE OF LOUISIANA**

**versus**

**RICHARD SPOT, DANIEL MAGEE and WARREN JACKSON, JR.**

**CASE NO. 410-075 "F"**

**CRIMINAL DISTRICT COURT**

**PARISH OF ORLEANS**

**SENTENCING HEARING**

**JULY 14, 2000**

**HON. DENNIS J. WALDRON, JUDGE PRESIDING**

**APPEARANCES:**

| | |
|---|---|
| **Andre Jeanfreau** | **Assistant District Attorney** |
| **Brian Brancato** | **Attorney for Magee** |
| **John Thomas** | **Attorney for Spot** |
| **Derrick Shepherd** | **Attorney for Jackson** |

**Reported by: Charlene Yvonne Mays, Certified Court Reporter, Section F.**

Appendix M-2

12 July 2002

I, Edwin Poe, case manager, received and deposited into the United States Mail an envelope containing an application for postconviction relief, captioned Daniel Magee v. Warden Winn Correctional Center, this date.

Refused to Signed / 15 July 02 - 2:30P

EDWIN POE, CASE MANAGER

On this date, Monday - 15 July 2002, after completing Mr. Magee's post conviction application, Mr. Poe was contacted at least 4 times so that he may pick it up and mail it, because Mr. Magee's dead line is this date.

At about 1430 hours Mr. Poe did arrive at the law library, and I, Norris Nash, conveyed to him, Mr. Magee's application which was in a sealed envelope, properly addressed and w/sufficient postage; thus, ready for mailing.

Mr. Poe advised that he was in route to intake, and that there was no way he could get Mr. Magee's application in mail prior to tomorrow, Tuesday, 16 July 2002.

I advised Mr. Poe again that today (Monday - 15 July 2002) was Mr. Magee's dead line, and that if his application was not in mail and post marked today, that he may be barred from Court.

Mr. Poe, again advised that he could not get it mailed today, and that one day would not make a difference.

The foregoing is correct and true!

[signature]

Norris Nash

Appendix "A-3"

# AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF WINN**

Daniel Magee, being first duly sworn says that he has read the
(Name of Applicant)

foregoing application for post-conviction relief and swears or affirms that all of the information therein is true and correct. He further swears or affirms that he is unable to employ counsel because he has no assets or funds which could be used to hire an attorney except as listed above. [Delete reference to appointment of counsel if inapplicable.]

Daniel Magee
Signature of Applicant

SWORN TO AND SUBSCRIBED before me this 9 day of July 2002.

Dorothy J. Collins
Notary Public or other person authorized to administer an oath.

Appendix M-9

**NO. 2002-K-1821**

**COURT OF APPEAL, FOURTH CIRCUIT**

**STATE OF LOUISIANA**

**STATE OF LOUISIANA**

**VERSUS**

**DANIEL MAGEE**

IN RE: DANIEL MAGEE

APPLYING FOR: SUPERVISORY WRIT

DIRECTED TO: HONORABLE DENNIS J. WALDRON, JUDGE
CRIMINAL DISTRICT COURT ORLEANS PARISH
SECTION "F", 410-075

**WRIT DENIED**

Relator's application for post conviction relief was not timely filed. Consideration of his claims is barred. La. C.Cr.P. art. 930.8.

New Orleans, Louisiana this 28 day of October, 2002.

DSG

JUDGE DAVID S. GORBATY

JUDGE JOAN BERNARD ARMSTRONG

CRT

Appendix M-5

CASE NUMBER: WNC-2002-875

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: MAGEE, DANIEL 405200

CYPRESS B1
Living Quarters

Response to request dated 7-25-02, received in this office on 07/25/2002

THIS IS A RESPONSE TO YOUR GRIEVANCE DATED 7/25/2002. YOU WERE INFORMED BY INMATE NASH(who is an inmate cousel), THAT YOUR WRIT WAS NOT COMPLETED, COPIES WERE NOT MADE AND THAT YOUR DOCUMENTS WERE NOT MAILED ON TIME BECAUSE HE WAS NOT ALLOWED TO GO TO THE LAW LIBRARY ON 7/13/2002. YOU HAD NO FIRST HAND KNOWLEDGE OF THIS AS YOU WERE HOUSED IN CYPRESS UNIT AT THE TIME. YOUR ENTIRE GRIEVANCE IS BASED SOLELY ON THE STATEMENT OF ANOTHER INMATE.

IN ACCORDANCE WITH CCA CORPORATE AND FACILITY POLICY 14-8, ACCESS TO THE COURTS, SECTION 5.D "INMATES SHALL NOT REQUEST OR RECEIVE COPYING SERVICE ON BEHALF OF OTHER INMATES AND SHALL LIMIT THEIR REQUESTS TO THOSE DOCUMENTS WHICH ARE FOR THEIR PERSONAL USE. CASE MANAGER POWE COULD NOT HAVE AUTHORIZED INMATE NASH TO HAVE COPIES MADE FOR YOU AT THE LIBRARY. ALL COPY REQUESTS MUST BE SUBMITTED TO THE APPROPRIATE PROGRAMS STAFF ( your case manager) FOR REPRODUCTION.

IN SPEAKING WITH INMATE NASH ABOUT THIS MATTER, IT WAS DETERMINED THAT YOUR WRIT WAS COMPLETED ON 7/15/2002 AND THE DOCUMENTS WERE GIVEN TO CASE MANAGER POWE TO HAVE COPIED. AN INVOICE FOR 45 COPIES WAS COMPLETED ON 7/15/02. ACCORDING TO MR. POWE, A WITHDRAWAL SLIP WAS COMPLETED ON 7/17/02 TO COVER THE COST OF THESE COPIES. AT THIS TIME, YOU MADE NO MENTION TO HIM OF ANY MISSED DEADLINES OR ANY OTHER PROBLEMS THAT YOU WERE HAVING.

ALSO, INMATE JOHN SMILEY WAS THE INMATE COUNSEL ASSIGNED TO THE LEGAL REFERENCE/LAW LIBRARY ON 7/13/2002, NOT INMATE NASH.

BASED ON MY INVESTIGATION INTO THIS MATTER, I FIND NO MERIT TO YOUR CLAIM.

Prepared by: Nicole Scott

8/26/02
Date

First Step Respondent

Instructions to Inmate: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason: This response is evasive and not amenable to the gist of the ARP. THANK YOU

Appendix B-6

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**

**CASE NUMBER: WNC-2002-875**

**THIRD STEP RESPONSE FORM**
**(HEADQUARTERS)**

TO: MAGEE, DANIEL 405200 — Inmate Name and Number

WNC — Living Unit

Response to Request Dated 9/24/02, Received in this Office on 9/24/02:

Your request for administrative review of ARP #WNC-02-875 has been received and considered. The clear and concise response of staff has adequately addressed your concerns. There is no indication that administrative intervention is warranted.

Your request is denied.

10/22/02
Date

Amdi Ramsay
Secretary's Signature or His Designee

Appendix. M-7

3 July 02

Nicole Scott
Program Manager

RE: Pass to Exit Dorm.

Hello Ms. Scott:

Because of your busy schedule, this letter is written, rather than a personal interview.

On this day and many others I have, and, am yet experiencing difficulties leaving Ash C2, to proceed to work.

C/O Rogers (Ms.) finally came to the door of AC2 and allowed only convicts who were going on little yard to exit dorm, and I requested to go to work @ 0830, and she crudely said; "I only called little yard and no one else, so get back inside."

Without any altercation, I complied w/her order. I have been working on Daniel Magee's writ application, and I am now unable to meet his 14 July 2002 dead line.

It was my intent to complete it this AM, but C/O Rogers has made this impossible.

I have had serious had serious problems in this regard, but have never complained prior to now.

This shall continue unless some action is taken to stop it.

I have never been nothing but respectful to all employees here, and somehow this gesture is totally discarded.

This is Ash's day for Library, and C/O Rogers let at

RECEIVED
OCT 2 0 2003
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

October 13th 2003

Clerk of Court
U.S District Court
300 Fannin St. Suite 1167
Shreveport, La. 71101

RE: MaGee Wilkinson, et al, No. 1:02CV2364 Sec. P

Dear Clerk

In the above captioned matter please find inclosed herewith the original and two (2) copies of the motion for Leave of Court to Amend Original Complaint, along with germane appendices

Please place same on the Court's docket and advise thereof.

Thank you kindly,

RECEIVED
OCT 2 0 2003
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

10-15-03

Dear Clerk

Please be advise that Plaintiff is nolonger housed at ACQ-WNC-P.O.Box 1260, but is now housed in (BA1-WNC-P.O.Box-1260).

Please advise the court of change of address.

1:02cv2364

Thank You Kindly